## UNITED STATES OF AMERICA

*v.*

## LORRIN A. THURSTON *et al.*

### March 14, 1912.

1. *Eminent Domain—Just compensation for property taken for public use:* Just compensation for property taken for public use includes not only "a full and perfect equivalent for the property taken," but also for the necessary and direct loss produced by the taking.

2. *Movable fixtures:* There is a distinction between "movable fixtures" and loose furniture like chairs and tables. They are not "fixtures" strictly; although fixed, they may be moved without injury to the building, making a distinction between them and fixtures that cannot be moved without such injury.

3. *Same—Damages for their removal:* Movable fixtures made to fit certain rooms or vaults sometimes cannot be moved without injury, and usually without expense in fitting them to a different building. Lessee entitled to damage for such injury and expense or compensation for their value, if he elects to leave them.

*Eminent Domain:* On objection to question in evidence.

*R. W. Breckons,* U. S. District Attorney, for the motion. *Holmes, Stanley & Olson,* contra.

Dole, J. The points reserved are substantially covered by the question it was desired to ask the witness as to the cost of the removal of the furniture from the Cummins block and installing it in another building; also as to depreciation of furniture and fittings to be removed if they were sold.

[1] It is an established rule of policy in the Federal courts that the constitutional provision for the security of persons and property, which applies to this case, should be liberally construed in favor of property owners. The constitutional provision in this case is that private property shall not be taken for public use without "just compensation." The Supreme Court, in the case of *Monogahela Navi-*

*gation Co. v. United States,* 148 U. S. 312, 326, defines "just compensation" as "a full and perfect equivalent for the property taken." There is a tendency in some of the courts to interpret this to mean that compensation is limited to the intrinsic value of the property at the time of the taking. This does not appear to me to fill the demand of the constitution, because the compensation mentioned in the fifth amendment is enlarged by the word "just", and compensation, in order to be just, must be, not only "a full and perfect equivalent for the property taken", but also for the necessary loss produced by the taking.

I do not wish to tie up the court as to the future consideration of consequential damages. I wish to leave my mind free on that point, but the obvious loss, the necessary and immediate loss, I think must be compensated in order to carry out the constitutional provision. Compensation means ·making amends. There are other constructions, but they all—or nearly all—come down to these words, making amends.

[2] [3]   Now, the kind of furniture under consideration in this motion is the kind which has been sometimes described as "movable fixtures", making a distinction between such furniture and loose office furniture like chairs and tables.   They are not fixtures strictly; that is, although fixed, they may be removed without injury to the building, making a distinction between them and fixtures which cannot be removed without such injury.   These movable fixtures were made for the building and fitted to it; the vault furniture was made for the vault and will not fit any other, unless one is made for it or it is changed to fit some other vault.   The counters cannot be removed without cutting them up somewhat because of the iron pillars that run through them. Their removal will cause no damage to the building, but considerable damage to them; and would require further cutting up to fit them to another building.   The same is true of the semi-partitions.   The

lessee should not be compelled to remove these for use in another building, or put them on the market in order to reimburse itself for their value, without compensation to make up to it the loss and expense which would accrue in such an operation.

The lessee may elect to remove such fixtures or to leave them in the building. If it elects to remove them it should be allowed the cost of such removal and the damages consequent thereon. If it elects to leave them it must be compensated for their value at the date of the summons.

The objection to the question is overruled.